UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK

---

JOHN DOE,

    Plaintiff,

-against-

MICROSOFT CORPORATION,

    Defendant.

---

Case No. 2:15-cv-07267

**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

    WHEREAS, documents, information and other materials that may be produced in the above-captioned action (the "Action") may contain confidential, proprietary, trade secret and other commercially and competitively sensitive information;

    WHEREAS, there is a need to protect such information from unauthorized disclosure, and to reasonably restrict the distribution of such information;

    NOW, THEREFORE, UPON COURT APPROVAL HEREOF, IT IS ORDERED, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure that all undersigned parties in this action (individually, a "Party" and, together, the "Parties") and their employees, agents, attorneys and representatives shall comply with the terms and procedures set forth herein with respect to Confidential Information and Highly Confidential Information (defined below) produced and/or disclosed in the Action and all appeals taken or filed in connection with the Action:

    1.    As used herein:

        a.  "Confidential Information" shall mean all documents, information and other materials which a party in good faith believes contain sensitive, non-public, confidential information, such as (i) Plaintiff's medical and tax records; (ii)

documents that describe, contain or disclose internal company information, (iii) human resources policies and similar internal company policies; or (iv) records that describe, contain or disclose personal information regarding third-party non-litigants; where all such information is not readily ascertainable and which the party asserting confidentiality has taken reasonable steps to maintain its confidentiality.

b. "Highly Confidential Information" shall mean documents, information and other materials, which in the good faith judgment of the Producing Party, contain extremely sensitive confidential information, such as information relating to company trade secrets, competitive and strategic initiatives, or extremely sensitive confidential information of third-party non-litigants.

c. "Producing Party" shall mean any Party or non-party who produces Confidential Information or Highly Confidential Information, to any Party in connection with the Action.

d. "Receiving Party" shall mean any Party or non-party who receives Confidential Information or Highly Confidential Information, in connection with the Action;

2. A Producing Party may designate documents, information, or materials as Confidential Information or Highly Confidential Information by stamping or otherwise marking "Confidential" or "Highly Confidential", as applicable, on each page of the material in a manner that will not interfere with its legibility or, in the case of the production of electronic documents, by marking or otherwise stamping the disc or electronic media as "Confidential" or "Highly Confidential", as applicable.

3. In the event that a Producing Party fails to designate documents, information, or materials as Confidential or Highly Confidential, the Producing Party may so designate such documents, information, or materials within thirty (30) days of their production or the discovery of the inadvertent disclosure, with the effect that such documents, information, or materials will be subject to the protections of this Stipulation and Order on and after the date of their designation.

4. All documents, information, or materials designated as Confidential or Highly Confidential in accordance with this Stipulation and Order shall be used by the Receiving Party and/or its counsel only for purposes of litigating the claims in the Action or related proceedings or appeals, and shall not be used or disclosed by the Receiving Party and/or its counsel for any other purpose except as provided herein.

5. Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

   a. the Court and any court reporters who transcribe testimony at hearings, conferences or depositions;

   b. outside counsel of record and employees of outside counsel of record;

   c. the Parties, including officers, directors, employees, and in-house counsel of the Parties to the extent that such persons have a need to know the Confidential information for the conduct of this litigation;

   d. witnesses and prospective witnesses in this Action who do not fall within paragraph 5(c) of this Stipulation and Order, provided that such persons sign a confidentiality undertaking in the form of Exhibit A hereto; and

      e. third parties retained or consulted by the Parties as a consulting or testifying expert in this Action, provided that such persons sign a confidentiality undertaking in the form of Exhibit A hereto.

      f. any other person agreed to by the Producing Party;

6. Highly Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

      a. the Court and any court reporters who transcribe testimony at hearings, conferences or depositions;

      b. outside counsel of record and employees of outside counsel of record who are working on this matter and in-house counsel;

      c. third parties retained or consulted by the Parties as a consulting or testifying expert in this Action, provided that such persons sign a confidentiality undertaking in the form of Exhibit A hereto.

      d. Any person that a document on its face indicates has seen or been sent the document or a copy of it, such as authors, recipients, or signatories, to the extent reasonably and in good faith deemed necessary by counsel for the prosecution or defense of this action.

      e. any other person agreed to by the Producing Party.

7. If a Receiving Party wishes to file Confidential Information or Highly Confidential Information with the Court, it must notify the Producing Party not less than five (5) business days prior to filing. Unless the Producing Party gives its written permission to remove the Confidential or Highly Confidential designation of such documents, it shall be filed under seal and shall remain

sealed while in the office of the clerk so long as it retains its status as Confidential or Highly Confidential.

8. For any Confidential Information or Highly Confidential Information to be filed under seal, the filing party must follow the procedures set forth in the United States District Court of the Eastern District of New York cm/ECF User's Guide under the section entitled, "Steps for E-Filing Sealed Documents—Civil Cases."

9. Nothing herein shall prevent a Producing Party from filing its own Confidential Information or Highly Confidential Information with the Court, not under seal. In so doing, the Producing Party does not waive any rights or confidentiality protections under this Stipulation and Order or otherwise except as to such filed documents.

10. Subject to the Federal Rules of Evidence, Confidential Information or Highly Confidential Information may be offered in evidence at trial or any Court hearing, provided, unless the Court allows otherwise, that the proponent of the evidence gives reasonable advance notice to the Producing Party. Any Party may move the Court (either orally or in writing) for an Order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine what protection the proffered evidence will be afforded at trial or at any hearing.

11. Nothing in this Stipulation and Order shall prejudice the right of any Party to contest the alleged confidentiality, relevancy, admissibility or discoverability of the Confidential Information or Highly Confidential Information. A Receiving Party who objects to the designation of information as Confidential or Highly Confidential shall identify, in writing, the specific designation(s) to which it objects and request a conference to resolve the conflict. Upon receiving an objection to a designation of information as Confidential or Highly Confidential, the Producing

Party shall participate in such conference within five (5) business days of receiving the objection. If, despite good faith effort, the Parties cannot resolve the dispute informally, the Party objecting to the designation shall, within fifteen (15) business days of making the written objection, apply to the Court for an order removing the Confidential or Highly Confidential designation or other appropriate relief. If an objection is made to the designation of the documents or information as Confidential or Highly Confidential, the documents or information at issue shall continue to be protected as Confidential or Highly Confidential under the terms of this Stipulation and Order unless and until such time as the Court orders that the designation be removed.

12. To expedite the production of information, a party may inadvertently produce documents that are privileged, including but not limited to documents protected by the attorney-client privilege, work product doctrine, or mediation privilege (together, all inadvertently produced documents shall be a "Privileged Document"). Pursuant to Fed. Rule of Evid. 502(b), production of a Privileged Document shall not be deemed a waiver of any applicable privilege. Upon discovery that a Privileged Document has been produced, the producing party shall promptly notify counsel for the other party who shall promptly return the Privileged Document and all copies of the Privileged Document. If a party contends that a Privileged Document has been erroneously designated as such, the party will nevertheless return the Privileged Document and all copies of the Privileged Document to the party asserting the privilege. The parties reserve the right to contest any determination that a document is privileged or is otherwise protected from disclosure.

13. Upon the unappealable conclusion of this Action and any related proceedings or appeals, all material designated as Confidential or Highly Confidential produced by the Parties in the Action will be destroyed or returned to counsel for the Producing Party upon request, except that those documents containing attorney notes or work product may be destroyed in lieu of

returning the documents. If such request is not made within sixty (60) days, all material designated as Confidential or Highly Confidential pursuant to this Stipulation and Order can be destroyed. Upon request, counsel for each Party will certify in writing to counsel for the other Party and all non-parties that produce documents and/or materials that all documents and materials designated as Confidential or Highly Confidential have been returned to counsel for the other Party or destroyed, where applicable.

14. In the event that a Party receives a discovery request, subpoena, order, or other form of compulsory process requiring that party (the "Subpoenaed Party") to produce documents that have been designated as Confidential or Highly Confidential by the other Party or a non-party (the "Designating Party"), the Subpoenaed Party shall promptly notify the Designating Party of the demand prior to producing such documents. If the Designating Party elects to resist production of the documents, it shall promptly so notify the Subpoenaed Party and the latter shall cooperate in affording the Designating Party the opportunity to oppose or limit production of the documents, provided however that the Designating Party shall bear all expenses, including attorneys' fees, incurred by the subpoenaed party in connection therewith.

15. Each person to whom Confidential Information or Highly Confidential Information is made available under the terms of this Stipulation and Order consents to jurisdiction of the Court to enforce its terms, including being held liable for sanctions or in contempt of court for violating its terms, and consents to jurisdiction of any other court of competent jurisdiction to enforce its terms, including the entry of injunctive relief and/or damages for a violation of its terms.

16. This Stipulation and Order shall be without prejudice to the right of any Party to seek to modify it, and any Party shall have the right to oppose production of any information for any reason other than confidentiality.

17. Each Party's obligations with regard to documents, information or materials designated as Confidential or Highly Confidential pursuant to this Stipulation and Order remain in effect in perpetuity, unless the Producing Party relieves the Receiving Party of its obligations.

18. Notices required pursuant to this Stipulation and Order shall be made via electronic mail or overnight delivery service and shall be deemed effective when received.

19. Nothing herein prevents either Party from making whatever use it deems appropriate of its own Confidential Information or Highly Confidential Information.

20. Nothing in this Stipulation and Order shall prevent or prejudice the Producing Party from seeking additional protection with respect to the use or disclosure of Confidential Information or Highly Confidential Information in connection with any hearing or other proceeding in this Action.

| | |
|---|---|
| **ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>51 West 52nd Street<br>New York, New York 10022<br>(212) 421-4300<br><br>By: _____<br>Jill L. Rosenberg<br><br>Dated: July 20, 2016<br><br>*Attorneys for Defendant* | **LAW OFFICE OF PETER A. ROMERO**<br>503 Route 111<br>Hauppauge, New York 11788<br>(631) 257-5588<br><br>By: _____<br>Peter A. Romero<br><br>Dated: July __, 2016<br><br>*Attorneys for Plaintiff* |

**SO ORDERED this __ day of _____, 2016**

_____
**District Court Judge**

## Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK

---

JOHN DOE,

        Plaintiff,

-against-

MICROSOFT CORPORATION,

        Defendant.

---

Case No. 2:15-cv-07267

### UNDERTAKING CONCERNING CONFIDENTIAL MATERIAL

    I understand that confidential documents, testimony and/or information will or may be disclosed to me for purposes related to the above-captioned action. I have been advised that, by agreement among the Parties to said proceeding, such confidential documents, testimony and/or information may not be used for any purposes other than the preparation of said action for trial.

    I hereby certify that I have read the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation and Order") in the above captioned action. I agree to maintain the confidentiality of any confidential or highly confidential documents or other materials provided to me and otherwise to abide by the terms of the Confidentiality Stipulation.

    I have been advised that any unauthorized use or disclosure by me of any confidential or highly confidential documents, testimony or information will be treated as a breach of the Stipulation and Order, for which I may be liable for damages.

_____          _____
        Date                                                        Signature